IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Betty Shumake, | ) | |
| | ) | C.A. No. 3:11-913-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Security Finance of Georgia, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

A person or persons purporting to be Betty Shumake (Shumake), a *pro se* plaintiff, filed this civil action against the defendant, seeking relief as set forth in the complaint. (Dkt. No. 1.) This matter is before the court on the magistrate judge's Report and Recommendation (Report). (Dkt. No. 49.) The Report, filed on October 25, 2011, recommends that the court dismiss the complaint because it was not authorized by the actual Betty Shumake.[1] The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's recommendation here without a recitation.

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. §

---

[1] A review of the documents in this case lends support to the view that this complaint was filed in an attempt to perpetuate a fraud against the defendant by someone purporting to be Shumake and is part and parcel of a larger scheme to defraud similarly situated defendants.

636(b)(1).

On October 25, 2011, the magistrate judge filed the Report and a copy of it was placed in the mail to Shumake. (Dkt. No. 50.) Shumake was advised of her right to file objections to the Report. (Dkt. No. 49 at 3.) However, Shumake has not done so, and the time allotted for objections has expired.[2]

In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it here. (Dkt. No. 49.) Accordingly, this action is **DISMISSED**. Plaintiff should direct attention to the important notice on the following page.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    Timothy M. Cain
                                                    United States District Judge

November 21, 2011

---

[2]    A person purporting to be the actual Betty Shumake submitted a document to the court on October 19, 2011 stating that she was not filing a claim against the defendant in this case, C.A. No. 3:11-913, or in another unauthorized case, C.A. No. 6:11-711. (Dkt. No. 45.)

Greenville, South Carolina
November 21, 2011

## NOTICE OF RIGHT TO APPEAL

      The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.